# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MURRAY ENERGY CORPORATION,**
**Employer Below, Petitioner**

**vs.)    No. 16-0285**  (BOR Appeal No. 2050751)
(Claim No. 2008019308)

**ROY STOUT,**
**Claimant Below, Respondent**

**FILED**

March 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Murray Energy Corporation, by James Heslep, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.[1] Roy Stout, by Robert Stultz, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 24, 2016, in which the Board reversed an August 12, 2015, Order of the Workers' Compensation Office of Judges, and granted Mr. Stout an additional 8% permanent partial disability award, for a total of 14% permanent partial disability. In its Order, the Office of Judges affirmed the claims administrator's April 7, 2014, decision holding that Mr. Stout has been fully compensated for the injuries sustained on November 7, 2007, through a prior 6% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

---

[1] Consolidation Coal Company is listed as the employer of record in both the Office of Judges' and Board of Review's Orders. However, Murray Energy Corporation assumed responsibility for the instant claim in 2013 in conjunction with a sale of assets from Consolidation Coal Company to Murray Energy Corporation. The appeal was filed in the name of Murray Energy Corporation and, therefore, Murray Energy Corporation will be referenced as the employer for purposes of this appeal.

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Stout was employed as a roof bolter operator and sustained a left tibia and fibula fracture on November 7, 2007, when he was struck in the leg by a large hook while at work. His leg was surgically repaired and his claim for workers' compensation benefits was held compensable for a fracture of the left tibia and fibula on November 27, 2007. On May 13, 2009, Chris Martin, M.D., performed an independent medical evaluation and issued a report memorializing his findings on the same date. He opined that Mr. Stout sustained 0% whole person impairment as a result of the compensable left leg fracture, but further opined that Mr. Stout also sustained a meniscus tear in his left knee that should be added as a compensable component of the claim.

Bruce Guberman, M.D., performed an independent medical evaluation on October 19, 2011, and issued a report memorializing his findings on the same date. Dr. Guberman opined that Mr. Stout sustained 6% whole person impairment as a result of range of motion abnormalities in the left knee and left hindfoot. On November 8, 2011, the claims administrator granted Mr. Stout a 6% permanent partial disability award based upon Dr. Guberman's evaluation. Additionally, on February 4, 2013, the claims administrator added a tear of the medial cartilage or meniscus of the left knee as a compensable component of the claim. On September 9, 2013, the Office of Judges reopened the claim for further consideration of a permanent partial disability award in light of the addition of a tear of the medial cartilage or meniscus of the left knee as a compensable component of the claim.

Sushil Sethi, M.D., performed an independent medical evaluation on March 21, 2014, and authored a report memorializing his findings on the same date. Dr. Sethi opined that Mr. Stout sustained 5% whole person impairment as a result of injuries to his left knee, and concluded that he has been fully compensated through the prior 6% permanent partial disability award. On April 7, 2014, the claims administrator determined that Mr. Stout has been fully compensated for his compensable injury through his prior 6% permanent partial disability award.

Joseph Snead, M.D., performed an independent medical evaluation on October 22, 2014, and authored a report memorializing his findings on October 29, 2014. Dr. Snead opined that Mr. Stout also suffers from medial compartment osteoarthrosis of the left knee as a result of the November 7, 2007, injury. He further opined that Mr. Stout sustained 14% whole person impairment as a result of range of motion abnormalities in the left knee.

Finally, ChuanFang Jin, M.D., performed an independent medical evaluation on April 2, 2015, and authored a report memorializing her findings on the same date. Dr. Jin opined that the record does not contain any evidence demonstrating that Mr. Stout sustained a meniscus tear in his left knee, and further opined that all arthritis present in the left knee pre-existed the compensable injury. She also opined that the range of motion in Mr. Stout's left knee will continue to decrease over time as his arthritis continues to progress. Dr. Jin then opined that there should not have been any additional permanent impairment attributed to the November 7, 2007, injury following Dr. Martin's May 13, 2009, evaluation in which he concluded that Mr. Stout

2

sustained 0% whole person impairment as a result of the healed left leg fracture. Following Dr. Jin's evaluation, localized arthritis of the lower left leg was added as a compensable component of the claim by the Office of Judges.[2]

In its Order affirming the April 7, 2014, claims administrator's decision, the Office of Judges held that a preponderance of the evidence fails to establish that Mr. Stout sustained more than 6% whole person impairment as a result of the November 7, 2007, injury. The Board of Review reversed the Office of Judges' Order in its decision dated February 24, 2016, and granted Mr. Stout an additional 8% permanent partial disability award, for a total award of 14% arising from the November 7, 2007, injury. On appeal, Murray Energy Corporation asserts that the evidence of record demonstrates that Mr. Stout was fully compensated for his compensable injury through the prior 6% permanent partial disability award.

The Office of Judges found that the report of Dr. Snead, on which Mr. Stout relied when protesting the claims administrator's decision, is not corroborated by the remaining medical evidence of record. In that regard, the Office of Judges found that all of the other independent medical evaluation reports of record demonstrate that Mr. Stout has been fully compensated for the compensable injury through the prior 6% permanent partial disability award. In reversing the decision of the Office of Judges, the Board of Review found that the independent medical evaluation performed by Dr. Snead was conducted in accordance with the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). The Board of Review further found that Dr. Snead's determination that Mr. Stout sustained 14% whole person impairment as a result of the November 7, 2007, injury is reliable and, therefore, concluded that he is entitled to an additional 8% permanent partial disability award.

We agree with the reasoning and conclusions of the Board of Review. Of the five independent medical evaluations performed, Drs. Martin and Jin did not take into consideration the compensable diagnosis of a tear of the medial cartilage or meniscus of the left knee. Moreover, localized osteoarthritis of the lower left leg has been added as a compensable component of the claim and Dr. Snead's evaluation, on which the Board of Review relied, constitutes the only independent medical evaluation report in which this diagnosis was taken into consideration.

---

[2] The Office of Judges' decision to add localized arthritis of the lower left leg as a compensable component of the claim was affirmed by the Board of Review on November 24, 2015. The Board of Review's decision affirming the Office of Judges' Order was not appealed to this Court.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4